CARROLL et al. v. EVANSVILLE BREWING ASS'N. (No. 7415.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1915.)

1. APPEAL AND ERROR ⟺842—REVIEW—ERROR APPARENT ON FACE OF RECORD.

An erroneous construction of the law applicable to the facts found is error apparent on the face of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316–3330; Dec. Dig. ⟺842.]

2. MONOPOLIES ⟺17—WHAT CONSTITUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 7798, declares that it shall constitute a conspiracy in restraint of trade where any two or more persons, firms, or associations engaged in buying or selling any article of merchandise, enter into an agreement to refuse to buy from or sell to any other person, and article 7799 declares that all trusts are prohibited. Article 7807 declares that any contract or agreement in violation of the law shall be absolutely void. Plaintiff entered into a contract with defendant whereby defendant agreed to purchase of plaintiff exclusively all beers which he might require in his business and sale. Held, that the contract was in violation of the monopoly statutes, and an action for moneys due thereunder could not be maintained.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. ⟺17.]

Appeal from Freestone County Court; G. W. Fryer, Judge.

Action by the Evansville Brewing Association against V. S. Carroll and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

A. B. Geppert, of Teague, for appellants.

TALBOT, J. Appellee, a private corporation incorporated under the laws of the state of Indiana, with its principal office and place of business in the city of Evansville, in said state, sued the appellant V. S. Carroll, as principal, and the other appellants, L. H. Powell and J. J. Beasley, as sureties, to recover a balance of $698.75, due by the principal to appellee for beer sold, under a contract in writing bearing date June 1, 1914. This contract, after reciting that the appellant, Carroll, has contracted with the appellee to purchase all of the beers, both in wood and in bottles which he may require in his business and sell in Teague, Tex., and surrounding territory, at certain prices named, and that appellee would allow the said appellant a certain amount for empty beer bottles returned, stipulates that the appellant Carroll agrees in consideration of the covenants and agreements on the part of the appellee, to handle and sell the products of appellee exclusively, and not to sell any beer either in bottles or draught manufactured by any person, firm, or corporation other than appellee, and to pay appellee for the beer so purchased under said written contract upon demand. Said contract further provides that it shall be in force and effect for a term of one year from its date, and may be extended from year to year under the same terms and conditions, unless one of the parties shall give 30 days' notice in writing to the other before the end of any one year of his intention to terminate it; that the appellant Carroll shall pay all freight on beer and on empty casks and cooperage returned in carload lots, and also the difference on any empties returned in less than carload lots between the carload and the L. C. L. rate. The said contract further stipulates that the appellant Carroll shall take good care of any property that may come into his possession belonging to the appellee, while in his possession, and that in the event the said appel-

lant fails to purchase the beer manufactured by the appellee exclusively or refuses to pay for the goods purchased under the contract on demand or to perform any of the conditions on his part to be performed, the appellee shall have the right and privilege to immediately cancel and terminate the contract. At the time of the execution of said contract, the appellants Powell and Beasley, as sureties, joined the appellant V. S. Carroll in a bond or writing obligatory, in the sum of $2,000, whereby they jointly and severally guaranteed to appellee the faithful performance of said contract by the said Carroll. The petition alleges that the appellee is a private corporation duly incorporated under the laws of the state of Indiana with its principal office and place of business in the city of Evansville, state of Indiana. It alleges the terms of the contract made the basis of the suit and the execution of said bond guaranteeing its faithful performance, making them exhibits. It also alleges that there is a balance of $698.75 due appellee for beer purchased under said contract and appellant Carroll's failure and refusal to pay the same, but it does not allege that appellee had a permit to do business in Texas. The defendants answered by general demurrer, general denial and specially, among other things, that the contract set out in the appellee's petition shows upon its face that it is in violation of our anti-trust statutes and therefore absolutely void. A trial was had without the intervention of a jury, and judgment rendered in favor of appellee for the amount sued for, and the appellants appealed.

[1-2] The appellee has filed no brief in this court and the case is before us on brief of appellants. There is no statement of facts in the record, but the court, among other things, which, for the purposes of this opinion, we deem unnecessary to state, found, as shown by conclusions of fact filed at the request of appellants, that the contracts made the basis of the suit were executed by appellants and appellee, and that appellant Carroll therein agreed to purchase of the appellee "exclusively all beers which he should require in his business and sell in Teague, Tex., and surrounding country, at the price set out and agreed upon in said contract; that on June 14, 1914, appellee sold and delivered to appellant Carroll certain beers of the cash value of $942.50; that thereafter the said Carroll paid thereon the sum of $243.75, leaving a balance of $698.75 still due; that in order to secure the payment of the purchase price of such beer as was sold under the contract in question the said Carroll made and executed a bond in the sum of $2,000, with L. H. Powell and J. J. Beasley, the other appellants herein, as sureties thereon. The court further found that "the goods, consisting of beers, sold to appellant Carroll under the contract entered into between him and appellee were sold and delivered at Teague, Tex.; that said goods when they arrived were stored in a warehouse at Teague, Tex., and offered for sale in said city, and that the shipment of beer involved in this suit did not constitute interstate commerce." Notwithstanding the unequivocal terms of the written contract declared on and the foregoing findings of fact, the court concluded, as a matter of law, that said contract was not in violation of the anti-trust laws of this state. In so concluding we think the court erred and that such error and the rendition of the judgment, as a result thereof, is "an error in law apparent on the face of the record." Article 7798 of Vernon's Sayles' Civil Statutes, declares that:

"Either or any of the following acts shall constitute a conspiracy in restraint of trade: 1. Where any two or more persons, firms, corporations or association of persons, who are engaged in buying or selling any article of merchandise, produce or any commodity, enter into an agreement or understanding to refuse to buy from or sell to any other person, firm, corporation or association of persons, any article of merchandise, produce or commodity."

Article 7799 of said statute declares that:

"Any and all trusts, monopolies, and conspiracies in restraint of trade, as defined by our statutes, are prohibited and declared to be illegal."

And article 7807 declares that, any contract or agreement in violation of the provision of the chapter of the statute in relation to trust and conspiracies against trade shall be absolutely void and not enforceable either in law or equity.

Clearly the contract entered into by and between the appellant Carroll and the appellee, Brewing Company, constituted, under the first article of the statute quoted a conspiracy in restraint of trade. It obligated and bound the appellant Carroll to handle and sell the products (beer) of appellee exclusively and not to sell any beer either in bottles or draught manufactured by any other person, firm, or corporation. Thus the contract by its very terms violates the statute quoted, which denies to persons or corporations engaged in buying or selling any article of merchandise, produce, or commodity, the right to enter into an agreement to refuse to buy from any other person, firm, or corporation any article of merchandise, produce, or commodity. If such an agreement is entered into it is declared by said statute to be a conspiracy in restraint of trade; by the second to be illegal; and by the third any such contract is declared to be absolutely void. The trial court having found that the shipment of beer involved did not constitute interstate commerce, presumably upon evidence justifying such finding, no question of interstate commerce arises, and it is therefore apparent that the contract cannot be the foundation of the judgment rendered in appellee's favor. Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27.

Appellants contend, in effect, that the court erred in overruling their general demurrer:

(1) Because it appears from the petition that appellee is a foreign corporation and it is not alleged that it had secured a permit to do business in Texas; (2) because the contract shows upon its face that it constitutes a conspiracy in restraint of trade in violation of our statute, and therefore illegal and void. In the view we take of the case, as expressed above, we need not consider and discuss these questions, as presented in the brief of appellants. The trial court having determined from the evidence adduced upon the trial below, and which has not been brought before this court by a statement of facts, that the goods sold under the contract, were sold and delivered to appellant Carroll, at Teague, Tex., and was not a transaction involving interstate commerce, committed fundamental error in not rendering judgment in favor of appellants. Such being the nature of the error, it is unnecessary to discuss any other question in the case, and it becomes our duty to set aside the judgment rendered in favor of appellee and here render the judgment that should have been rendered in the court below.

It is therefore ordered that the judgment of the county court be reversed and set aside, and that judgment be here rendered for appellants.

Reversed and rendered.