## CONNELLEE v. OIL BELT PUB. CO.
### (No. 1650.)

(Court of Civil Appeals of Texas. El Paso. May 22, 1924. Rehearing Denied June 19, 1924.)

1. **Evidence** ⊂⇒237—Certificate executed by third party without authority held inadmissible to show ownership of theater.

In a suit against a landlord for goods sold and delivered to a tenant conducting a theater in defendant's building, a certificate made to comply with Act 37th Leg. (1921) c. 73 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d), making it offense to transact business under an assumed name, executed by a third party without authority in defendant's absence, and under threat of a government agent that defendant would be fined unless it was filed, certifying that defendant was conducting the theater, was inadmissible to show ownership.

2. **Principal and agent** ⊂⇒145(1)—Landlord's mere permission to tenant of theater building to run business in name of theater imposes no liability for debts.

Neither the Assumed Name Law (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d), nor any other law, imposes on lessor an obligation to pay the debts of a business conducted in his theater building, simply because he permitted lessee to run such business in the name of the theater.

3. **Evidence** ⊂⇒129(6)—Evidence that defendant paid similar account of third party prior to time account was contracted inadmissible.

In suit for the price of merchandise sold and delivered to defendant's tenant for business conducted in defendant's building, evidence that defendant had paid a similar bill contracted by another prior to the time the account sued upon was contracted, was inadmissible.

---

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Suit by the Oil Belt Publishing Company against C. U. Connellee. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Sayles & Sayles, of Eastland, for appellant.

Grisham Bros., of Eastland, and H. L. Moseley, of Weatherford, for appellee.

HARPER, C. J. The Oil Belt Publishing Company brought this suit against C. U. Connellee for $570.40, alleged to be due for advertising and printing matter "furnished to the defendant for use in the Connellee Theater of which defendant was then the sole owner and proprietor."

Defendant answered by general demurrer and general denial.

Tried before the court without a jury and judgment entered for plaintiff for the amount sued for. Appealed.

The trial court filed the following findings of facts and conclusions of law:

### "Findings of Fact.

"I find that the Oil Belt Publishing Company is a Texas corporation engaged in the printing business. I find that the Oil Belt Publishing Company published certain advertisement for and on behalf of and at the instance of the Connellee Theater in the amount of $510.40, that C. U. Connellee is the sole owner of the Connellee Theater, and that the business of the Connellee Theater was being conducted and transacted by C. U. Connellee at the time said advertisement was published by the Oil Belt Publishing Company."

### "Conclusions of Law.

"I conclude that the defendant is liable for the payment of said account, as he was the owner of the Connellee Theater and was conducting and transacting the business of the Connellee Theater."

Additional findings at request of defendant:

"(1) I base my original finding of fact that C. U. Connellee is the sole owner of the Connellee Theater and that the business of the Connellee Theater was being conducted and transacted by C. U. Connellee at the time said advertisement was published by the Oil Belt Publishing Company, solely upon the following findings of fact:

"(a) I find that C. U. Connellee was the owner of the Connellee Theater building and its fixtures at the times mentioned.

"(b) I find that C. U. Connellee permitted the moving picture show business to be run and carried on in his building in the name of the Connellee Theater, and permitted advertisements of such business to appear in the name of Connellee Theater, although the certificate of assumed name in evidence was not executed or filed under the direction or authority of said Connellee, and he did not know

same was executed or filed until after the institution of this suit.

"(2) I find that all of the advertisements published by the plaintiff were requested or ordered to be published by Watson, and none of them were ordered or requested to be published by said Connellee, and that said Connellee never agreed to pay for same."

### "Conclusions of Law.

"(1) I conclude that the defendant is liable for the payment of plaintiff's account because:

"(a) He was the owner of the Connellee Theater building and its fixtures.

"(b) He permitted said moving picture business to be conducted in the name of the Connellee Theater and permitted said advertisement to appear in the name of the Connellee Theater, and as a matter of law he is thereby conclusively presumed to have conducted and transacted such moving picture business, because no certificate was filed under the terms and provisions of the 'Assumed Name Law,' being Act of Thirty-Seventh Legislature of Texas, Regular Session, c. 73, p. 142 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d), that such moving picture business was being transacted or conducted by said Watson.

"(2) Except for the terms and provisions of said 'Assumed Name Act' making it conclusive as a matter of law that said Connellee was conducting and transacting said moving picture business, I would find and conclude that plaintiff's account is the debt of said Watson, and that the defendant Connellee is not liable therefor."

The findings, as well as the record on appeal, show that plaintiff seeks to recover upon the theory that Connellee was liable for the printing and advertisement because he was the owner of the theater, and the defense is that Connellee was the owner of the building but not the moving picture show conducted therein, that one Watson was lessee of the show house and fixtures, and had contracted for the advertisements, therefore was alone liable for the amount sued for.

[1] As evidence of the fact that Connellee was the owner of the picture show, the plaintiff introduced in evidence a certificate executed by Mrs. McDonald to the effect that C. U. Connellee was conducting the Connellee Theater. This was done to comply with the provisions of an act of the Thirty-Seventh Legislature making it a penal offense to transact business under an assumed name. The defendant objected to the introduction of this certificate for the reason (a) that it was not executed by defendant (b) or by any one having authority to execute in his name, (c) no evidence that it states the true facts, (d) or that it was relied on in extending the credit.

Mrs. McDonald testified that a government agent came and saw her when Connellee was out of town, and that she was told that unless it was filed he would be fined; that he did not authorize her to make it.

Connellee testified that he had the theater rented to one Watson, and with no interest in the proceeds from the business except to get his rents. The certificate was therefore not admissible in evidence.

The appellant attacks the first conclusion of law of the trial court. This is well taken.

[2] There is nothing in this act nor in law which imposes upon the landlord an obligation to pay the debts of a business conducted in his house simply because he permitted his lessee to run such business in the name of the house.

The explanation given· by the court shows that he did not consider the evidence, if any, tending to show that appellant had for any reason become obligated to pay Watson's debt, but has decided the case upon an entirely erroneous theory of the law applicable to the facts. Carroll v. Evansville B. Ass'n (Tex. Civ. App.) 179 S. W. 1099.

[3] A witness for plaintiff was permitted to testify, over objections of defendant, that the latter had paid a similar account of one Graves, a son-in-law, some time prior to the time the account sued on was contracted for by Watson. This was error, because the fact that he paid an account for another long prior to the time this transaction occurred does not tend to prove liability for this account.

For the reasons assigned, the cause is reversed and remanded.